JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Frank Perri, Jr.

**DEFENDANTS**

Expeditors International of Washington, Inc.

**(b)** County of Residence of First Listed Plaintiff: Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bellevue, Washington
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Caren N. Gurmankin, Esq., Console Mattiacci Law Offices
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 U.S.C. §621, et seq.; 43 P.S. § 951, et seq.

Brief description of cause:
Plaintiff was discriminated against because of his age.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 10/8/2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Folcroft, PA

***RELATED CASE IF ANY:*** Case Number:____________ Judge:____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Frank Perri, Jr. | : | CIVIL ACTION |
| v. | : | |
| Expeditors International of Washington, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 10/08/2026 | [signature] | Plaintiff, Frank Perri, Jr. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK PERRI, JR.**<br>**West Chester, PA 19382**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.**<br>**Sterling Plaza 2, 3rd Floor**<br>**3545 Factoria Blvd, SE**<br>**Bellevue, Washington 98006**<br><br>**Defendants.** | : | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**I. INTRODUCTION**

Plaintiff, Frank Perri Jr., brings this action against his former employer, Expeditors International of Washington, Inc. ("Defendant"). Defendant terminated sixty-four (64) year old Plaintiff while retaining substantially younger, less qualified employees and then failed to select Plaintiff for any open position, including multiple jobs in which he expressed interest and to which he applied. Defendant's discriminatory conduct towards Plaintiff violated the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

## II. PARTIES

1. Plaintiff, Frank Perri, Jr., is an individual and a citizen of the Commonwealth of Pennsylvania. He resides in West Chester, PA 19382.

2. Plaintiff was born in January 1960. He was sixty-four (64) years old at the time that Defendant terminated his employment in April 2024.

3. Defendant, Expeditors International of Washington, Inc. is a Washington corporation with a principal place of business at Sterling Plaza 2, 3rd Floor, 3545 Factoria Blvd. SE, Bellevue, Washington 98006.

4. During Plaintiff's employment, he worked out of Defendants' Folcroft, PA office.

5. Defendant is engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

6. At all times material hereto, Defendant employed more than twenty (20) employees.

7. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8. At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

10. The causes of action which form the basis of this matter arise under the

ADEA and the PHRA.

11. The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

12. The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania, and Defendant is not a citizen of the Commonwealth of Pennsylvania.

13. The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

14. Venue is proper in the District Court under 28 U.S.C. §1391(b).

15. On or about October 8, 2024, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") complaining of acts of discrimination alleged herein. This Charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

16. On or about July 17, 2026, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for his Charge. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

17. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

18. Plaintiff started working at Defendant on or about December 30, 2014.

19. During Plaintiff's employment, he held the position of Regional Transcon Manager.

20. Plaintiff reported to Brian Carabbes, Regional Vice President. Carrabes reported to Steve Walker, Senior Vice President, who reported to Robert Martinez, Senior Vice President, Americas.

21. At all times material hereto, Plaintiff performed his job responsibilities in a highly competent manner.

22. During Plaintiff's employment, he was asked to help develop Branch/District Transon Managers.

23. During Plaintiff's employment, other District Managers asked him to help with various tasks, including recruiting and interviewing prospective Transcon Managers.

24. On or about April 16, 2024, Carrabes and Andrew McGann, District Manager, told Plaintiff that his employment was terminated effective June 2024.

25. Defendant subsequently extended Plaintiff's effective termination date through September 3, 2024.

26. Plaintiff was told that the reason for his termination was position elimination and that Defendants were not getting value from him or his position any longer.

27. When Plaintiff asked if there were any other positions into which he could be placed to remain employed, Carrabes stated that there were no other positions available, but that Plaintiff should explore Defendants' website and to apply for any

positions posted.

28. To Plaintiff's information and belief, he was the only employee who reported directly to Carrabes who was terminated at that time.

29. To Plaintiff's information and belief, he was the oldest of the employees who reported directly to Carrabes at that time.

30. To Plaintiff's information and belief, Defendants did not eliminate Plaintiff's position of Regional Transcon Manager at that time.

31. On or about May 20, 2024, Plaintiff emailed McGann expressing his interest in remaining employed with Defendant.

32. Plaintiff specifically asked McGann if Defendant would consider him for a Business Development position.

33. McGann responded only that Defendant were not considering a Business Development role in the Philadelphia branch at that time.

34. On or about June 4, 2024, Plaintiff told Kevin Cornell, Sales Manager, that he was interested in a posted position of District Sales Executive.

35. Plaintiff applied for the posted position of District Sales Executive.

36. Plaintiff was qualified for the position of District Sales Executive.

37. Cornell asked Plaintiff why, at that stage of his career, would he be interested in a District Sales Executive position.

38. Cornell made comments that Plaintiff believed were intended to discourage him from pursuing the District Sales Executive position, including how difficult the position was.

39. Cornell also told Plaintiff that Defendants would not be filling the posted

District Sales Executive role until at least December 2024.

40. In or around late May 2024, Plaintiff applied for the posted position of Transition and Implementation Manager.

41. Plaintiff was qualified for the position of Transition and Implementation Manager.

42. Plaintiff interviewed for the position of Transition and Implementation Manager on or about June 3, 2024.

43. On or about July 18, 2024, Plaintiff was informed that he was not selected for the position of Transition and Implementation Manager.

44. Plaintiff was told that he was not selected for the position of Transition and Implementation Manager because he had fewer organizational skills than the selected candidate.

45. To Plaintiff's information and belief, Defendant selected a substantially younger employee to fill the position of Transition and Implementation Manager.

46. On or about August 2, 2024, Plaintiff applied for the posted position of Global Sales Executive.

47. Plaintiff was qualified for the position of Global Sales Executive.

48. On or about August 5, 2024, Plaintiff was notified that Defendant cancelled the position of Global Sales Executive.

49. On or about July 9, 2024, Plaintiff applied for the posted Local Account Manager position.

50. Plaintiff was qualified for the position of Local Account Manager position.

51. On or about July 11, 2024, Defendant informed Plaintiff that they had decided that afternoon that they did not have a need to fill the position, and that the revenue was not there to support the position.

52. Defendant did not offer Plaintiff any position after notifying him of the termination of his employment and through his effective date of September 3, 2024.

53. Plaintiff's age was a motivating and determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including terminating Plaintiff's employment and failing to hire him into any open position following notification of his termination.

54. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

55. The conduct of Defendant, as set forth above, was willful under the circumstances and warrants the imposition of liquidated damages.

56. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

57. Plaintiff incorporates herein by reference paragraphs 1 through 56 above, as if set forth herein in their entirety.

58. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

59. Said violations were willful and warrant the imposition of liquidated damages.

60. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

61. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

62. No previous application has been made for the relief requested herein.

**COUNT II - PHRA**

63. Plaintiff incorporates herein by reference paragraphs 1 through 62 above, as if set forth herein in their entirety.

64. Defendant, by the above improper and discriminatory acts, has violated the PHRA.

65. Said violations were intentional and willful.

66. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

67. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

68. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(e) awarding liquidated damages to Plaintiff under the ADEA;

(f) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h) awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

(i) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW**

Dated: 10/08/2026 BY: [signature]

Caren N. Gurmankin, Esq.
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Frank Perri, Jr.

# Exhibit 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**COMPLAINT**

COMPLAINANT:

**FRANK A. PERRI, JR.**

v.

RESPONDENTS:

**EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.**

and

**EXPEDITORS INTERNATIONAL OF WA, INC.**

and

**EXPEDITORS – PHILADELPHIA**

Docket No.

1. The Complainant herein is:

Name: Frank A Perri, Jr.

Address: [redacted]
West Chester, PA 19382

2. The Respondents herein are:

Names: Expeditors International of Washington, Inc.; Expeditors International of WA, Inc.; Expeditors – Philadelphia

Address: 519 Kaiser Drive
Folcroft, PA 19032

3. I, Frank A. Perri, Jr., the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (64), as set forth below.

**Discrimination**

**A. I specifically allege:**

[1] I was hired by Respondents on or about December 30, 2014.

[2] My birth date is January [redacted], 1960.

[3] I consistently performed my job duties in a highly competent manner.

[4] I last held the position of Regional Transcon Manager.

[5] I last reported to Brian Carabbes (52[1]), Regional Vice President. Carabbes reported to Steve Walker (52), Senior Vice President. Walker reported to Robert Martinez (55), Senior Vice President, Americas.

[6] I was the oldest Regional employee directly reporting to Carabbes.

[7] On April 16, 2024, in a meeting with Carabbes and Andrew McGann (48), District Manager, Respondents terminated my employment, effective in June 2024, which was then extended to September 3, 2024. The stated reasons were position elimination, and that Respondents were not getting value from me or my position any longer. I asked if there were other positions into which I could be transferred to remain employed. Carabbes stated that there were not.

[8] I was not placed on any progressive discipline before my employment was terminated.

[9] Respondents did not offer me a downgraded position or a position with reduced pay in lieu of termination.

[10] I had no performance or disciplinary issues through my employment.

---

[1] All ages herein are approximations.

[11] Respondents terminated my employment because of my age.

[12] I was, to my knowledge, the only employee reporting to Carabbes that was notified of termination on April 16, 2024.

[13] At the time of my termination, the following Regional employees, in addition to me, reported to Carabbes.

a. Longie Dai (32), Customer Solutions Manager;

b. Ryan Citron (35), Service Provider Manager;

c. Jenna Connors (40), Sales Administration;

d. Anthony Tripoli (42), Information Systems Support;

e. Rui Salgado (48), Risk and Insurance Manager;

f. Diane Grand (55), Regional Risk and Insurance Manager.

[14] On May 20, 2024, in an email to McGann, I expressed my interest in remaining employed with Respondents, and asked if Respondents would consider me for a Business Development position.

[15] On May 30, 2024, in an email from McGann, Respondents failed to select me for a Business Development position.

[16] Respondents failed to select me for a Business Development position because of my age.

[17] On or about June 4, 2024, in a meeting with Kevin Cornell (60), Sales Manager, I expressed my interest in the posted District Sales Executive position. He asked me why, at this stage of my career, I would be interested in a District Sales Executive position. I understood this comment to be age biased. He then commented how difficult the District Sales

Executive position was, discouraged me from applying for the position, and stated that he would not be filling the position until at least December 2024.

[18] Respondents failed to select me for the District Sales Executive position because of my age.

[19] In or about late May 2024, I applied for the posted Transition and Implementation Manager position. I was qualified for the position.

[20] On June 3, 2024, I interviewed with Lisa Younkman (60), Customer Retention and Development Manager, for the Transition and Implementation Manager position.

[21] On July 18, 2024, in a meeting with Peter Kierland (54), Branch Manager, Respondents failed to select me for the Transition and Implementation Manager position. The stated reason was that I had fewer organizational skills than the selected candidate.

[22] Instead of selecting me for the Transition and Implementation Manager position, Respondents selected Tiffany Lopata (32). I was more qualified for the Transition and Implementation Manager position than the substantially younger employee who was selected instead of me.

[23] Respondents failed to select me for the Transition and Implementation Manager position because of my age.

[24] On August 2, 2024, I applied for the posted Global Sales Executive position. I was qualified for the position.

[25] On August 5, 2024, in an email from Doug Gelfand (54), Sales Manager, Respondents failed to select me for the Global Sales Executive position. The stated reason was that Respondents cancelled the position.

[26] Respondents failed to interview me or select me for the Global Sales Executive position because of my age.

[27] On July 9, 2024, I applied for the Local Account Manager position. I was qualified for the position.

[28] On July 11, 2024, in an email from Maria Soves (35), Manager, Customer Retention and Account Manager, Respondents failed to select me for the Local Account Manager position. The stated reason was that Respondents "decided this afternoon that there [wa]s not the need to fill the position."

[29] Respondents failed to interview me or select me for the Local Account Manager position because of my age.

[30] Respondents failed to select me for any open position for which I was qualified.

[31] Respondents failed to select me for any open position for which I was qualified because of my age.

[32] I had no opportunity to remain employed with Respondents.

[33] Respondents assigned my job duties and responsibilities to substantially younger employees. I was more qualified to perform my job duties than the substantially younger employees who were retained and assigned job duties and responsibilities.

[34] Respondents retained less qualified, substantially younger employees in positions for which I was more qualified when I was terminated.

[35] Respondents' conduct evidences a bias against older employees and a preference for younger employees.

[36] Respondents' age discriminatory conduct has caused me emotional distress.

**B.** Respondents have discriminated against me because of my age (64), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4. The allegations in Paragraph 3 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

**_X_ Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): _(a)_**

____ Section 5.1 Subsection(s) ____________________

____ Section 5.2 Subsection(s) ____________________

____ Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) ____________________

5. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

**_X_ This charge will be referred to the EEOC for the purpose of dual filing.**

6. The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

10/1/24
(Date Signed)

(Signature) Frank A. Perri, Jr.
[redacted]
West Chester, PA 19382

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 7/17/2026

**To:** Frank Perri
[redacted]
West Chester, PA 19382

Charge No: 17F-2025-60062
EEOC Representative and email: State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough 7/17/2026

Karen McDonough
Deputy District Director

cc:

For Respondent
Paul M Knettel Esq.
Corporate Counsel /Expeditors CHQ
33940 Weyerhaeuser Way
Federal Way, WA 98001

For Charging Party
Caren Gurmankin Esq
Console Mattiacci Law 1525
Locust St., 9th Floor
Philadelphia, PA 19102

Please retain this notice for your records.